UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES NELSON,

                         Plaintiff,

v.
                                         Case # 16-CV-6104-FPG

                                         DECISION AND ORDER AND
                                           ORDER TO SHOW CAUSE

CITY OF ROCHESTER, MONROE COUNTY,
SANDRA DOORLEY, ROBERT J. BURNS,

                        Defendants.
_____

**INTRODUCTION**

On January 28, 2016, James Nelson initiated this action in the Supreme Court of the State of New York, County of Monroe by filing a Summons with Notice pursuant to N.Y. C.P.L.R. 305(b) (MCKINNEY 2017). ECF No. 1-2. Nelson served that Summons with Notice upon Monroe County, Monroe County District Attorney Sandra Doorley, and Monroe County Probation Administrator Robert Burns ("County Defendants") on February 2, 2016. *See* ECF No. 1. In response, the County Defendants served Nelson with a Notice of Appearance and Demand for Complaint on February 19, 2016. ECF No. 1-3. On February 22, 2016, the County Defendants removed the matter to this Court. ECF No. 1.

Fifteen months have now passed since the County Defendants served their Notice of Appearance and Demand for Complaint, yet Nelson has not filed or served a complaint. Accordingly, on December 28, 2016, the County Defendants moved to dismiss the action against them pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(5), and 41(b). ECF No. 5. For

1

the following reasons, the claims against the County Defendants are dismissed and the Plaintiff is ordered to show cause why the claims against the City of Rochester should not be dismissed.

## DISCUSSION

### I. Motion to Dismiss

Although state law governs the sufficiency of service before removal, the Federal Rules of Civil Procedure apply to actions after removal. *See* FED. R. CIV. P. 81(c); *see also Mroz v. City of Tonawanda,* 999 F. Supp. 436, 449 (W.D.N.Y. 1998) ("[A]fter removal questions of procedure are governed by federal law."). Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days, . . . the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). The 90-day clock begins to run on the date that an action is removed to federal court. *See United Merchandise Wholesale, Inc. v. IFFCO, Inc.*, 51 F. Supp. 3d 249, 260 (E.D.N.Y. 2014). Additionally, on a Rule 12(b)(5) motion to dismiss for failure to serve process, the plaintiff bears the burden of establishing that service was sufficient. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005).

Here, the Plaintiff has failed to timely file or serve a complaint. Despite the County Defendants' Notice of Appearance and Demand for Complaint, the Plaintiff did not file or serve a complaint under C.P.L.R. § 3012(b). Further, after the County Defendants removed the action to federal court, the Plaintiff failed to file or serve a complaint under Rule 4(m). Indeed, Rule 4(m)'s 90-day deadline expired on May 22, 2016. Even now, over a year later, the Plaintiff has not filed or served his complaint. What is more, the Plaintiff did not responded to the County Defendants' Motion to Dismiss, let alone provide good cause for his failure to file or serve a complaint. For that reason, the County Defendants' Rule 12(b)(5) Motion to Dismiss is granted.

### II. Order to Show Cause

When a plaintiff fails to serve a summons and complaint upon a defendant within 90 days, Rule 4(m) vests the Court with the power to order the plaintiff to effect service within a period of time or dismiss the case. FED. R. CIV. P. 4(m). Similarly, when a plaintiff fails to prosecute his or her case for more than six months, Rule 41(b) grants the Court the power to order the plaintiff to demonstrate why the case should not be dismissed. FED. R. CIV. P. 41(b); *see also* L. R. CIV. P. 41(b). Here, the Plaintiff has failed both to file and serve his complaint within 90 days and to prosecute his case for more than six months. For that reason, the Court orders the Plaintiff to show cause, in writing and by June 29, 2017, why the action against the City of Rochester should not be dismissed for his failures to serve a complaint and to prosecute this action. Failure to comply with this Order will result in the dismissal of this action with prejudice pursuant to Rule 41(b).

### CONCLUSION

For the reasons stated above, the County Defendants' Motion to Dismiss, (ECF No. 5), is granted, and Defendants Monroe County, Monroe County District Attorney Sandra Doorley, and Monroe County Probation Administrator Robert Burns are dismissed from this case. Further, the Plaintiff is directed to show cause why the case against the City of Rochester should not also be dismissed pursuant to Rules 4(m) and 41(b) by July 3, 2017.

IT IS SO ORDERED.

Dated: June 20, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court